**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-41131
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MENDOZA ALCALA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-963-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Mendoza Alcala appeals his sentence following his guilty plea conviction for concealing, harboring, and shielding from detection an unlawful alien for commercial advantage and private financial gain. Alcala was sentenced within his advisory guidelines range to 46 months of imprisonment and two years of supervised release. Alcala contends that the district court erred by finding that he brandished a firearm for purposes of the enhancement under U.S.S.G. § 2L1.1(b)(5)(B). Because Alcala preserved this argument in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court, the district court's finding that Alcala brandished a firearm is reviewed for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). This court may affirm the district court's application of the enhancement under § 2L1.1(b)(5)(B) on any ground supported by the record. *See United States v. Jackson*, 453 F.3d 302, 308 n.11 (5th Cir. 2006).

When determining the applicable offense level, a defendant is accountable for all acts and omissions in which the defendant is directly involved, as well as "all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity." *See* § 1B1.3(a)(1)(B). It was reasonable to infer that the unlawful aliens being harbored by Alcala could not leave at will from the residence where they were housed, and several of these aliens reported seeing Alcala holding a handgun inside the residence. In addition, the sworn statement of one of the aliens, Marcelo Goncalves De Oliveira, indicated that he was transported to a mobile home where two masked men pointed a rifle at him and demanded from him $3,000 for his release. The district court determined that the incident at the mobile home was foreseeable and part of the conspiracy involving Alcala. Alcala does not contend that this finding was erroneous, and the finding was plausible in light of the record as a whole.

Alcala contends that De Oliveira's statement was unreliable as a matter of law because De Oliveira was a potential criminal defendant based on De Oliveira's illegal entry into the United States. Alcala contends that it is well established that a co-defendant's post-arrest statements to law enforcement are presumptively unreliable as to those passages detailing the defendant's conduct or culpability because such passages may be the product of the co-defendant's desire to lessen the consequences of his own actions. Plain error review applies to this contention because Alcala did not contend in the district court that De Oliveira was a potential criminal defendant or that his statements were presumptively unreliable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099).

2

To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Alcala has not shown that the district court committed a clear or obvious error under existing law by relying on De Oliveira's statements. *See United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007); *United States v. Vital*, 68 F.3d 114, 119 (5th Cir.1995). Because the rifle was pointed at De Oliveira, the district court did not err in applying the enhancement under § 2L1.1(b)(5)(B). *See United States v. Dunigan*, 555 F.3d 501, 505-06 (5th Cir.), *cert. denied*, 129 S. Ct. 2450 (2009); *see also* § 1B1.3(a)(1)(B).

Alcala also contends that the district court committed significant procedural error by treating the Guidelines as mandatory and by failing to adequately explain its chosen sentence and its denial of his request for a sentence below the guidelines range based on overrepresentation of his criminal history. Citing *Gall v. United States*, 128 S. Ct. 586, 587 (2007), Alcala contends that these issues should be reviewed for abuse of discretion. Because Alcala failed to alert the district court of these contentions, they are reviewed under the plain error standard. *See Mondragon-Santiago*, 564 F.3d at 361.

Alcala contends that the district court treated the Guidelines as mandatory because the district court initially pronounced a sentence of 41 months of imprisonment but imposed a 46-month sentence upon realizing that it had miscalculated the guidelines range. This argument is unavailing. The district court recognized at Alcala's rearraignment that the Guidelines were advisory only, and one of the factors for consideration under 18 U.S.C. § 3553(a) is the guidelines range itself. Alcala has not shown that, rather than merely concluding that a sentence within the guidelines range was appropriate under § 3553(a), the district court treated the guidelines as mandatory. In addition,

Alcala has not shown that his substantial rights would have been affected by any error by the district court in explaining his sentence, as Alcala has not shown that any further explanation by the district court would have changed his sentence. *See Mondragon-Santiago*, 564 F.3d at 365.

AFFIRMED.